UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RUFUS DEON WILSON, | ) |
|           Petitioner, | ) |
| v. | )   No. 2:20-cv-00121-JPH-MJD |
| WARDEN, | ) |
|           Respondent. | ) |

**Order Dismissing Action and Directing Entry of Final Judgment**

On March 13, 2020, the Court granted petitioner Rufus Wilson through April 13, 2020, to file an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 5. The Court notified Mr. Wilson that it would consider only the claims presented in his original petition and brief in support thereof if Mr. Wilson did not file an amended petition by the deadline. *Id.* Mr. Wilson has not filed an amended petition, so the Court will consider only the claims presented in his original motion, dkt. 1, and brief in support thereof, dkt. 2.

Mr. Wilson seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition for a writ of habeas corpus is **denied**.

### I. Factual and Procedural Background

In June 2014, in the United States District Court for the Eastern District of Michigan, a jury convicted Mr. Wilson of one count of conspiracy to murder an employee of the United States, one count of conspiracy to possess with intent to distribute controlled substances, one count of aiding and abetting possession of a firearm in furtherance of a drug trafficking crime, one count of felon in possession of a firearm, and one count of possession with intent to distribute controlled

1

substances. *United States v. Davis*, 2:13-cr-20369-BAF-MKM-2 (E.D. Mich. 2014) ("Crim. Dkt."), dkt. 100. He received an aggregate sentence of life imprisonment. Crim. Dkt. 118.

Mr. Wilson appealed his convictions and sentence, arguing in part that he did not have three convictions that would qualify him for sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(c). *United States v. Wilson*, 653 F. App'x 433 (6th Cir. 2016). The Sixth Circuit affirmed his convictions and sentence. *Id.* With respect to Mr. Wilson's argument that he did not have three qualifying convictions for purposes of the ACCA, the Sixth Circuit concluded that even if he was improperly sentenced under the ACCA, it did not affect Mr. Wilson's substantial rights because he was subject to a mandatory life sentence on his conviction for conspiracy to possess with intent to distribute controlled substances. *Id.* at 446. The Supreme Court denied his petition for a writ of certiorari. *Wilson v. United States*, 137 S. Ct. 696 (2017).

Mr. Wilson filed a motion to vacate under 28 U.S.C. § 2255 on December 27, 2017. Crim. Dkt. 170. One of the arguments he asserted was that the district court erred in sentencing him under the ACCA. *Id.* at p. 14. The court of conviction denied relief under § 2255, finding in part that any error with respect to application of the ACCA did not affect his substantial rights given the life sentence Mr. Wilson received on his conviction for conspiracy to possess with intent to distribute controlled substances. Crim. Dkt. 189 at p. 9. The Sixth Circuit denied Mr. Wilson's motion for a certificate of appealability. Crim. Dkt. 195.

Mr. Wilson has now filed a petition under 28 U.S.C. § 2241 challenging the lawfulness of his sentence in light of the Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Dkt. 1.

## II. Discussion

Mr. Wilson's habeas petition under 28 U.S.C. § 2241 is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313. Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

> The Seventh Circuit construed the savings clause in *In re Davenport*, holding:
>
> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

3

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

A petition under § 2241, as limited by the savings clause of § 2255(e), is not the proper avenue for Mr. Wilson to seek post-conviction relief. Mr. Wilson's claim for relief based on *Davis* is not cognizable under § 2241 because it does not satisfy the first *Davenport* requirement. In *Davis*, 139 S. Ct. at 2327-36, the Supreme Court determined that § 924(c) is unconstitutionally vague. Thus, Mr. Wilson's argument does not rely on a case of statutory interpretation as required by *Davenport*. *See Brown*, 719 F.3d at 586 (recognizing requirement that argument rely on a case of statutory interpretation); *Reynolds v. Werlich*, No. 19-cv-1223-SMY, 2020 WL 3316071, *3 (S.D. Ill. June 18, 2020) (summarily dismissing § 2241 petition that raised claim under *Davis* because "*Davis* is a case of constitutional interpretation" and thus the petitioner's claims were "not grounded on cases of statutory interpretation"). Mr. Wilson may not raise an argument based on *Davis*, 139 S. Ct. 2319, in a petition for relief under § 2241.

Mr. Wilson's claim based on *Mathis* is also not cognizable under § 2241 because it does not satisfy the second *Davenport* requirement that the new rule be previously unavailable and apply retroactively. The Supreme Court issued its opinion in *Mathis* on June 23, 2016. *See* 136 S. Ct. at 2243. Mr. Wilson did not file his motion to vacate under § 2255 until December 27, 2017, eighteen months after the Supreme Court issued its opinion in *Mathis*. Crim. Dkt. 170. Therefore, Mr. Wilson could have presented an argument based on *Mathis* in his § 2255 motion. Even assuming *Mathis* is retroactive, *see Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016), Mr. Wilson cannot establish that it was unavailable to him at the time he filed his § 2255 motion.

### III. Conclusion

The motion to supplement is GRANTED. Dkt. [12]. Mr. Wilson's § 2241 petition is **dismissed with prejudice** pursuant to 28 U.S.C. § 2255(e). *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017). Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 8/18/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RUFUS DEON WILSON
44264-039
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

5